Lawrence Mudgett, SBN 252898
Preovolos & Associates, ALC
401 B Street, Suite 1520
San Diego, CA 92101
(619) 696-0520
(619) 238-5344 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Ms. Amy Vandeveld
Law Offices of Amy B. Vandeveld
1850 Fifth Avenue, Suite 22
San Diego, CA 92101

San Diego, CA this Seventh day of March, 2008

_____
Lawrence Mudgett III
Attorney for Defendant EUROPEAN CAR
SERVICE and ZENON SMOCZYNSKI

PROOF OF SERVICE

1

## TABLE OF CONTENTS

pg.

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES........................................................................................... iii

**I.** DEFENDENTS NOTICE OF MOTION AND 12 (b) (1) MOTION TO DISMISS PLAINTIFFS
COMPLAINT....................................................................................................................

**II.** DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES

**THE RELEVANT FACTS**................................................................................................ 2

    **A.** PLAINTIFFS ALLEGATIONS ARE FALSE.................................................... 2
    **B.** DEFENDANTS BUSINESS IS SERVICE ORIENTED.................................... 2
    **C.** DEFENDANT HAS NEVER SERVICED PLAINTIFFS AUTOMOBILE............... 3
    **D.** SPIKES' LITIGATION HISTORY.................................................................. 3
    **E.** ANDREW MACIEJEWSKI HAS NOT BEEN SERVED WITH THE COMPLAINT.............. 4

**THE ADA'S STATUTORY FRAMEWORK**................................................................ 4

    **A.** PURPOSE FOR THE AMERICANS WITH DISABILITIES ACT...................... 4
    **B.** POWER OF ATTORNEY GENERAL.............................................................. 5
    **C.** RELIEF AVAILABLE................................................................................... 6

**FEDERAL RULES OF CIVIL PROCEDURE 12 (b) (1) MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION..........**
                                                           5

    **A.** DEFENDENTS RULE 12 (b) (1) MOTION TO DISMISS IS APPROPRIATE..................... 5
        **1.** FEDERAL RULE 12.................................................................................... 5
        **2.** DEFENDENTS THIRD AFFIRMATIVE DEFENSE...................................... 6
        **3.** AUTHORITY TO DISMISS PRIOR TO DISCOVERY.................................. 6
    **B.** A MOTION FOR SUMMARY JUDGEMENT IS NOT WARRANTED.............................. 6
    **C.** ADDITIONAL DISCOVERY IS NOT WARRANTED.......................................... 7
    **D.** PLAINTIFF CANNOT MEET HIS BURDEN OF PROOF.................................... 8

**PLAINTIFF DOES NOT HAVE THE REQUIRED STANDING TO PROCEED ON HIS ADA CLAIM....** 9

    **A.** LUJAN V. DEFENDERS OF WILDLIFE.......................................................... 9
    **B.** THE NINTH CIRCUIT REQUIRES A CLEAR THREAT OF FUTURE INJURY.................... 10
        **1.** THE FUTURE THREAT STANDARD IN THIS DISTRICT EXPLAINED.......... 10
        **2.** THE FUTURE THREAT STANDARD IN THIS DISTRICT APPLIED................ 11

**AN ADA PLAINTIFF'S HISTORY OF LITIGATION UNDERMINES ANY PROFESSED INTENT TO
RETURN TO DEFENDANT'S BUSINESS IN ORDER TO ESTABLISHING STANDING...................** 12

    **A.** MOLSKI v MANDARIN TOUCH RESTAURANT.............................................. 12
    **B.** DELIL v EL TORITO RESTURANT................................................................ 13

**PLAINTIFF HAS NOT SUFFERED AN INJURY IN FACT**........................................ 14

    **A.** WILSON v KAYO OIL COMPANY................................................................ 14

**1.** CASE FACTS……………………………………………………………… 14

**2.** THE LUJAN STANDING ANALYSIS AS APPLIED TO A FACTUALLY
SIMILAR ADA COMPLAINT……………………………………………… 14

**3.** THE FOUR-FACTOR ANALYSIS IS APPLIED WHEN EVALUATING AN ADA
PLAINTIFFS ALLEGED INJURY IN FACT…………………………………… 15

**DISCUSSION**…………………………………………………………………………… 16

    **A.** PLAINTIFF HAS NOT SUFFERED UNDER THE WILSON TEST……………………... 16

        **1.** PAST PATRONAGE……………………………………………………… 16

        **2.** FUTURE PATRONAGE…………………………………………………… 16

    **B.** PLAINTIFF CANNOT SHOW IMMINENT PLANS TO RETURN……………………… 17

    **C.** PLAINTIFF IS SEEKING A CASH SETTLEMENT……………………………………… 18

    **D.** CONCLUSION…………………………………………………………………… 19

## TABLE OF AUTHORITIES

**CASES**                                                                    pg.

Airline Pilots Association International v Northwest Airlines, Inc.
(1978 DC Dist Col) 444 F Supp 1138............................................................. 6

Atkins v Louisville &N.R. Co.
(1987, CA6 Ky) 819 F2d 664.................................................................... 6

Brother v Tiger Partner, LLC,
331 F.Supp.2d 1368, 1374-1375 (M.D. Fla. 2004)........................................ 12

Cizek v United States
 (1992, CA10 Colo) 953 F.2d 1232........................................................... 7

Deck  v  American Haw. Cruises, Inc.,
122 F. Supp. 2d 1292, 1298-99 (D.Haw.2000)............................................. 11

Delil v El Torito Restaurant
1997 WL 714866 (N.D. Cal. 1997)                                                13

Grafon Corp. v Hausermann
(1979, CA7 I11) 602 F2d 781................................................................. 8

Harris v Del Taco Inc.
396 F. Supp 2d 1107, 1113 (C.D. Cal. 2005)......................................... 11,15

Harris v Stonecrest Care Auto Center,LLC
 472 F. Supp. 2d 1208, 1215-16.............................................................. 15

Lipsman v Secretary of the Army
(2003 DC Dist Col) 257 F Supp 2d 3........................................................ 7

Lujan v Defenders of Wildlife
 504 U.S. 555 (1992)...................................................................... 11,12

Lujan v Defenders of Wildlife
504 U.S. 555, 560-61 (1992)................................................................ 9

Molski v Arby's Huntington Beach,
359 F. Supp 2d 938,947 n.10 (C.D. Cal 2005)....................................... 11, 15

Molski v Mandarin Touch Resturant.,
385 F. Supp.2d 1042 (C.D. Cal. 2005)...................................................... 12

Nelson v King County,
895 F. 2d 1248, 1250 (9th Cir. 1990)....................................................... 10

Pickern v Holiday Quality Foods Inc.,
293 F 3d 1133, 1137 (9th Cir. 2002). Id at *4-5.................................. ........ 15

Wander v Kaus,
304 F.3d 856 (9th Cir. 2002)................................................................... 5

Wilson v Kayo Oil Company,
2007 U.S. Dist. Lexis 79832 (S.D. Cal. Oct. 25, 2007)........................... 14

Wilson v Wal-Mart Stores, Inc.,
2005 U.S. District Lexis 40086, 2005 WL 3477841 at *4 (S.D. Cal. Oct 5, 2005)........................ 15

**STATUES and RULES**

12 (b) (1)................................................................................................ 5

28 U.S.C. 1367 (c)(3)............................................................................. 4

42 U.S.C. 12101 (b)(1)........................................................................... 4

42 U.S.C. 12182 (a)............................................................................... 5

42 U.S.C. 12186 (b)............................................................................... 5

Americans with Disabilities Act Accessibility Guidelines (ADAAG)..................... 4

F.R.C.P. 56 (c)...................................................................................... 6

Title III American with Disabilities Act.................................................... 5

v.

1  Lawrence Mudgett, State Bar Number 252898
   Athanasios Preovolos, State Bar Number 182334
2  PREOVOLOS & ASSOCIATES, ALC
   401 B Street, Suite 1520
3  San Diego, California 92101
   Telephone: (619) 696-0520
4  Fax: (619) 238-5344

5
   Attorney for Defendants,
6  EUROPEAN CAR SERVICE AND ZENON SMOCZYNSKI

7

8
                   UNITED STATES DISTRICT COURT
9
                 SOUTHERN DISTRICT OF CALIFORNIA
10

11

12 ┌─────────────────────────────┐      Case No.: 07CV2394LAB
   KAREL SPIKES.                 )
13              Plaintiff,       )
                                 )      **DEFENDANT EUROPEAN CAR**
14 vs.                           )      **SERVICE AND ZENON**
                                 )      **SMOCZYNSKI'S NOTICE OF**
15 EUROPEAN CAR SERVICE; ZENON   )      **MOTION AND FRCP 12(B)(1)**
   SMOCZYNSKI; ANDREW            )      **MOTION TO DISMISS PLAINTIFF**
16 MACIEJEWSKI; AND DOES 1-10    )      **KAREL SPIKES' COMPLAINT FOR**
                                 )      **LACK OF STANDING**
17              Defendants.      )
                                 )      Date: April 14, 2008
18                               )      Time: 11:15am
                                 )      Courtroom: 9
19                               )      Judge: Hon. Larry Alan Burns
                                 )
20 └─────────────────────────────┘

21
   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
22
   PLEASE TAKE NOTICE THAT on April 14, 2008 at 11:15am in Courtoom 9 at the Southern
23
   District Federal Court located at 940 Front Street in San Diego, CA 92101, Defendant will move
24
   the Court for an order to dismiss Plaintiff's complaint against Zenon Smoczynski and European
25
   Car Service based upon FRCP 12(B)(1).
26

27
   This Motion will be based upon the facts that Plaintiff has never procured Defendant's services
28

                     **NOTICE OF MOTION AND MOTION**

1  and cannot demonstrate a reasonable likelihood that he will in the future.  Plaintiff lacks the

2  required standing to bring the complaint and this court therefore lacks subject matter jurisdiction

3  to hear his complaint.  Defendant is currently seeking $11,856.22 in costs and attorneys fees in

4  defending the suit and anticipates to request a greater amount according to proof on the hearing

5  date as attorney's services are ongoing.  This motion will also be based upon the Memorandum

6  of Points and Authorities, Exhibits, and Declarations attached herwith.  This motion may not

7  require oral argument and oral arguments will only be heard at the time and date set forth in the

8  caption of this notice unless the Honorable Judge Burns determines otherwise.

9

10  Dated: 3/7/2008

11                                                                        By:

12                                                                              Lawrence Mudgett III
                                                                                Attorney for Defendants
13                                                                              EUROPEAN CAR SERVICE, and
                                                                                ZENON SMOCZYNSKI
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

Lawrence Mudgett SBN 252898
Athanasios Preovolos 182334
PREOVOLOS & ASSOCIATES, ALC
401 B Street, Suite 1520
San Diego, CA 92101
TEL: (619)696-0520
FAX: (619)238-5344

Attorney for Defendants
European Car Service and Zenon Smoczynski

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KAREL SPIKES               )    Case No.: 07CV2394LABWMC

         Plaintiff       )

       v.                 )    **MEMORANDUM OF POINTS AND AUTHORITIES**

EUROPEAN CAR SERVICE; ZENON  )
SMOCZYNSKI; ANDREW        )
MACIEJEWSKI; and DOES 1 through 10, )
inclusive,                  )

         Defendants.     )

      Plaintiff Karel Spikes (herein after "Spikes") brings this action alleging violations of Title III of the Americans With Disabilities Act (the "ADA") and various state law claims at a place of public accommodation, Defendant Zenon Smoczynski's automobile repair shop, European Car Service.  As a matter of undisputed fact and law, however, Plaintiff has neither suffered harm nor can Plaintiff demonstrate a foreseeable risk of future injury due to the facts that Plaintiff has

neither procured Defendant's services in the past, nor can he demonstrate that he will in the future. Accordingly, European Car Service and Zenon Smoczynski request that this court dismiss Plaintiff's Civil Complaint for lack of standing. As to Plaintiff's remaining state law claims, this Court should decline to exercise further jurisdiction. See 28 U.S.C. 1367(c)(3).

## The Relevant Facts

A.    PLAINTIFF'S ALLEGATIONS ARE FALSE

Plaintiff alleges to have visited European Car Service located in La Mesa, California on or about July 10, 2007 and to have been denied access to the facilities owned and operated by Defendant due to unspecified architectural barriers. (Exhibit 1 - Plaintiff's Civil Complaint). Plaintiff has since alleged that Defendant's facility does not have either a van accessible parking space or an adequate built-up curb ramp to the raised walkway surrounding Defendant's office. (Exhibit 2 – Plaintiffs Request for Default Against Andrew Maciejewski).

Based upon information and belief and on the date in question, Spikes drove onto the European Car Service lot in a white Mercedes wagon and the Defendant approached him (Exhibit 3 – Declaration of Zenon Smoczynski). Without exiting his vehicle, Plaintiff inquired into the cost of an unspecified repair. (Exhibit 3). Defendant stated that he would not give Spikes a verbal quote as is his custom. At which point, Spikes left European Car Service. (Exhibit 3). The Defendant never prepared a written estimate for Spikes, he has never serviced Spikes' automobile, and has not seen Spikes in person ever since. (Exhibit 3). Spikes was not denied access to anything at European Car Service; he did not even exit his vehicle, he left the premises of his own accord before obtaining a quote and has never returned since. (Exhibit 3).

B.    DEFENDANTS BUSINESS IS SERVICE ORIENTED

European Car Service is a service oriented business meaning that Defendant's inventory is his time, experience, skill, and expertise in performing mechanical maintenance on European automobiles. (Exhibit 3). He has no retail inventory and does not obtain clients based upon their passing through his business. (Exhibit 3). Rather, Defendant does not service any European automobiles unless he is contracted to do so first, which requires: 1) that he prepare a written estimate, 2) the client signs a written contract for services, and 3) the client pay for services upon completion. (Exhibit 3). Plaintiff has never: 1) obtained a written estimate from Defendant, 2) signed a contract for Defendant's services, or 3) paid for Defendant's services at any time. (Exhibit 3).

C.      DEFENDANT HAS NEVER SERVICED PLAINTIFF'S AUTOMOBILE

Based upon information and belief, Plaintiff drives a white Mercedes model 300TE station wagon, California disabled license plate number Y0628. (Exhibit 4 – Photographs of Karel Spikes and the vehicle and Exhibit 5 – Declaration of Attorney Lawrence Mudgett). Defendant has neither been hired to repair a white Mercedes model 300TE station wagon license plate Y0628 nor has Defendant serviced a Mercedes model 300TE station wagon at any time. (Exhibit 3). Other than one instance of Plaintiff driving through European Car Service without even obtaining an estimate on or about July 10, 2007; Defendant has not seen Plaintiff or his car ever since. (Exhibit 3)

D.      SPIKES' LITIGATION HISTORY

Plaintiff Spikes is no stranger to the federal courts. Spikes has filed 124 lawsuits seeking relief under Title III of the ADA in this jurisdiction since the year 2000 (Exhibit 6 – Spreadsheet of Karel Spikes' Federal Lawsuits, Exhibit 7 Map of Auto Repair Shops sued by Spikes, and Exhibit 8 – Declaration of Rachel Ferreira). Plaintiff filed the instant action on December 20, 2007 along with four (4) other complaints against automobile repair shops in the San Diego area.

In addition, Plaintiff filed a Title III American with Disabilities Act complaint against TNT Auto Sales on December 11, 2007 and another complaint against Car Health Plan was filed on 2/22/2008. Spikes v TNT Auto Sales, Inc. et al 3:07-cv-02318-JLS-RBB and Spikes v Car Health Plan, Inc. et al 3:088-cv-00353-JAH-WMC. Plaintiff is represented by opposing counsel Amy Vandeveld in each suit and but for the Defendants names and the dates of the alleged harm, the complaints are identical. (Exhibit 8). Based upon information and belief, Plaintiff's chronic history of litigation and his current trend of suing automobile repair shops evidences a comprehensive scheme to manufacture standing in order extort cash settlements from businesses; he thereby meets the criterion for a vexatious litigant. (Exhibits 6, 7, 8).

E.    ANDREW MACIEJEWSKI HAS NOT BEEN SERVED WITH THE COMPLAINT

Mr. Maciejewski left the San Diego area in June 2001 and was not present at European Car Service on January 15, 2008. (Exhibit 9 – Declaration of Andrew Maciejewski). He has not been served with the complaint. (Exhibit 9). Nevertheless, Plaintiff has represented to this court that Andrew Maciejewski was personally served on January 15, 2008 at European Car Service. (Exhibit 2). Process server Gregory Cole has attested the same under penalty of perjury. (Exhibit 2). Ms. Vandeveld, was made aware of the fact that Mr. Maciejewski was not personally served on January 15, 2008 by written correspondence, nevertheless she proceeded to file for default against Mr. Maciejewski. (Exhibit 10 – Letter from Attorney Mudgett to Attorney Vandeveld).

**The ADA's Statutory Framework**

A.    PURPOSE FOR THE AMERICANS WITH DISABILITIES ACT

The ADA was enacted by Congress in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42

U.S.C. 12101(b)(1).  In the ADA, Congress sought to address "the discriminatory effects of architectural, transportation, and communications barriers…" 42 U.S.C. 12101(a)(5).

Under Title III of the ADA, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. 12182(a).

B.    POWER OF THE ATTORNEY GENERAL

Congress further empowered the Attorney General of the United States with the right to "issue regulations… to carry out the provisions of [Title III of the ADA] that include standards applicable to facilities… covered under 12182…" 42 U.S.C. 12186(b).  The Attorney General did so by issuing 28 CFR Part 36 and its Appendix A, commonly known as the Americans with Disabilities Act Accessibility Guidelines (ADAAG) which governs places of public accommodation.

C.    RELIEF AVAILABLE

The only relief available to a private plaintiff under Title III of the ADA is equitable relief.  Wander v Kaus, 304 F.3d 856 (9th Cir. 2002).  Nevertheless, Plaintiff is seeking $4,000 per alleged violation, damages for emotional distress, and $7,500 in attorneys fees (Exhibit 2).

**Federal Rules of Civil Procedure 12(b)(1)**

**Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

A.    DEFENDANTS RULE 12(b)(1) MOTION TO DISMISS IS APPROPRIATE

1.    Federal Rule 12(b) Motions

F.R.C.P. Rule 12(b) states that various motions may be asserted either in the Answer or in a pre-Answer Motion to Dismiss the Complaint.  However, a motion to dismiss the complaint for lack of subject matter jurisdiction (Rule 12(b)(1)) is not waived by failure to include it in a

pre-answer motion and can be raised at any time during the lawsuit. FRCP Rule 12. This honorable court lacks subject matter jurisdiction to hear Plaintiff's complaint since Plaintiff lacks the requisite standing to bring his complaint.

      2.    <u>Defendants Third Affirmative Defense</u>

Moreover, Defendants Third Affirmative Defense in his answer to the complaint alleged that Plaintiff lacked standing to bring the complaint and Defendant has therefore reserved the right to make the assertion as well. (Exhibit 11 – Defendants Answer to Complaint).

      3.    <u>Authority to Dismiss Prior to Discovery</u>

In addition, this Court has the authority to dismiss the complaint pursuant to Rule 12(b)(1) prior to discovery. In <u>Airline Pilots Association International v Northwest Airlines, Inc.</u> (1978 DC Dist Col) 444 F Supp 1138, Defendant's Motion to dismiss pursuant to 12(b)(1) was considered prior to pretrial discovery because the motion presents a single question of law. Similarly, Defendants now present a single question of law: whether Plaintiff has standing to proceed on his ADA claim. This motion will show that Plaintiff Karel Spikes does not have standing.

**B.**    <u>A MOTION FOR SUMMARY JUDGMENT IS NOT WARRANTED</u>

Plaintiff may argue that a Motion for Summary Judgment is appropriate under the circumstances; however, this Court is not required to apply a F.R.C.P. 56(c) Summary Judgment analysis in reviewing Defendant's 12(b)(1) motion. Although a motion to dismiss may be treated as a motion for summary judgment when supplemental materials are filed, *the court is not required to do so and may simply dismiss for lack of subject matter jurisdiction.* <u>Atkins v Louisville & N.R. Co.</u> (1987, CA6 Ky) 819 F2d 644 (*emphasis added*). Moreover, motions to dismiss for lack of subject matter jurisdiction should be considered under Rule 56 only *if the*

*jurisdictional issue is intertwined with merits of case,* but the court's consideration of matters outside pleadings does not transform the motion into one for summary judgment. Cizek v United States (1992, CA10 Colo) 953 F.2d 1232 (*emphasis* added). In addition, when a challenge to standing is raised as a motion to dismiss *it proceeds pursuant to Fed R. Civ. P.12(b)(1).* Lipsman v Secretary of the Army (2003 DC Dist Col) 257 F Supp 2d 3. (*emphasis* added)

Therefore this court may proceed according to rule F.R.C.P. 12(b)(1) based upon Defendant's challenge that Plaintiff lacks standing. Moreover, the jurisdictional issue is not intertwined with the merits of this case due to the facts that: 1) this Court has jurisdiction over ADA complaints, 2) Plaintiff does not have standing to bring the complaint, and 3) Plaintiff's Complaint is without merit. Defendant therefore respectfully requests that this court dismiss Plaintiff's complaint pursuant to FRCP 12(b)(1) because Plaintiff lacks the required standing to proceed on his ADA claim.

C.    ADDITIONAL DISCOVERY IS NOT WARRANTED

Not only is dismissal prior to discovery appropriate in this case, but also this Court should not deny Defendants motion for want of additional discovery due to the fact that no amount of discovery would allow Plaintiff to demonstrate that he was ever a patron of European Car Service. (Exhibit 3). As stated in "The Relevant Facts" above and condensed here for the Courts convenience:

1)    Defendant is the only mechanic at European Car Service and has no employees (Exhibit 3)

2)    European Car Service is a service oriented business (Exhibit 3);

3)    Defendant does not service any European automobiles unless he is contracted to do so first, which requires that the client obtain a quote, sign a contract, and pay for services (Exhibit 3);

4)    Plaintiff has never received a quote from Defendant, contracted with Defendant, or paid for Defendant's services at any time (Exhibit 3);

5)    Based upon information and belief, Plaintiff drives a white Mercedes model 300TE station wagon; California disabled license plate number Y0628.  (Exhibits 4 & 5);

6)    Defendant has neither been hired to repair a white Mercedes model 300TE station wagon license plate Y0628 nor has Defendant serviced a Mercedes model 300TE station wagon at any time.  (Exhibit 3);

7)    But for one instance of the Plaintiff driving through European Car Service without obtaining an estimate or contracting with Defendant; Defendant has never seen Spikes or his Mercedes ever since.  (Exhibit 3).

Therefore further discovery is not warranted due to the fact that Plaintiff cannot establish the requisite standing to sue Zenon Smoczynski or European Car Service.  Spikes is not a patron of European Car Service by any stretch of the imagination.  Accordingly, Plaintiff's Complaint should be dismissed.

D.    PLAINTIFF CANNOT MEET HIS BURDEN OF PROOF

Where the jurisdiction of a court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting allegations of jurisdictional fact by competent proof. Grafon Corp. v Hausermann (1979, CA7 Ill) 602 F2d 781.

Plaintiff has invoked the jurisdiction of this court and alleges to have standing in the current matter.  (Exhibit 1).  Nevertheless, Plaintiff is unable to establish that Defendant serviced

Mr. Spikes' automobile. (Exhibit 3). Moreover, Plaintiff cannot show that Karel Spikes was

ever a patron of Defendant's business, or will attempt to procure his services in the immediate

future as a matter of undisputed fact. (Exhibit 3). Therefore, Plaintiffs complaint must be

dismissed as a matter of law.

### Plaintiff Does not Have the Required Standing to Proceed on his ADA Claim

A.      LUJAN V DEFENDERS OF WILDLIFE

The judicial power of the federal courts is limited to those cases in which a plaintiff

presents a case which is "concrete and particularized" as well as "actual or imminent, not

conjectural or hypothetical." Lujan v Defenders of Wildlife 504 U.S. 555, 560-61 (1992). *Lujan*

involved a challenge to a regulation issued by the Secretary of the Interior under the Endangered

Species Act. The district court initially dismissed the action for lack of standing but was

reversed by a divided panel of the Court of Appeals. After remand, the district court denied the

defendant's motion for summary judgment on standing in light of the appellate court's prior

ruling. After an eventual judgment for the plaintiffs, the Court of Appeals affirmed and the

Supreme Court granted review on the standing questions.

The Supreme Court determined that as the party with the burden of proof on the issue, a

plaintiff when faced with a summary judgment motion on the question of standing is required to

demonstrate standing by "setting forth by affidavit or other evidence *specific facts*." 504 U.S. at

561 (*emphasis* added). The *Lujan* plaintiffs sought to do so by presenting the affidavits of two

individuals, Kelly and Skilbred. Kelly stated that she had previously traveled to Egypt to

observe the Nile crocodile and that she intended to do so again. Skilbred stated that she had

traveled to Sri Lanka to observe endangered species including the Asian elephant and leopard

and that she intended to return in the future.  Skilbred testified at her deposition that she did not

know when she would return- just sometime in the future.  504 U.S. at 563-64.

The Supreme Court assumed that the Secretary's regulation threatened the listed species,

but nevertheless determined that the plaintiffs had failed to present facts demonstrating how

damage to the species will produce imminent injury to Kelly and Skilbred.

> The affiants profession of an intent to return to the places that they
> had visited before where they will presumably, this time, be
> deprived of the opportunity to observe animals of the endangered
> species is simply not enough.  *Such some day intentions without
> any description of concrete plans or indeed without any
> specification of when some day will be – do not support a finding
> of the actual or imminent injury that our cases require.* Id. At 563-
> 64. (*emphasis* added).

Similar to the harm caused by the Secretary's regulations in *Lujan*, the alleged ADA

violations would cause harm to a disabled person if true in the present matter; however, Spikes

must show both patronage and definite plans to return in the future as the Supreme Court

required of the Plaintiffs in *Lujan*.  In addition, the Plaintiffs in *Lujan* had at least observed the

threatened endangered species one time in the past.  Spikes has neither obtained a written

estimate from the Defendant nor has he ever retained Defendant's services at any time. (Exhibit

3).  Any professed someday intentions to have his car serviced by Defendant similarly would not

suffice to establish standing in this case.  Plaintiff's complaint must therefore be dismissed.

B.    THE NINTH CIRCUIT REQUIRES A CLEAR THREAT OF FUTURE INJURY

  1.    The Future Threat Standard in this District Explained

The Ninth Circuit has recognized that standing to obtain equitable relief depends upon

establishing a *clear threat of future injury*, which is shown by establishing a "very significant"

possibility that future harm will ensue.  Nelson v King County, 895 F. 2d 1248, 1250 (9th Cir.

1990) (*emphasis* added).

As a general rule, *Title III plaintiffs must show a real and immediate threat that a particular barrier will cause future harm to the plaintiff in order to justify injunctive relief.* <u>Deck v American Haw. Cruises, Inc.</u>, 122 F. Supp. 2d 1292, 1298-99 (D.Haw.2000) (*emphasis added*).  When ADA plaintiffs fail to meet this burden courts in the Ninth Circuit dismiss the ADA claims for lack of standing.  Id.

    2.   <u>The Future Threat Standard in this District Applied</u>

For example, in <u>Harris v Del Taco, Inc.</u>, 396 F.Supp.2d 1107  (C.D. Cal 2005), the district court entered a summary judgment of dismissal because <u>the disabled individual lacked sufficient intent to return to the place of public accommodation</u>.  In the absence of such intent, there was no imminent injury in fact which was remediable in equity.  In <u>Harris</u>, a disabled individual brought a claim under Title III of the ADA against a fast food restaurant located over 500 miles from his residence which he had visited twice – the second time being the day before his deposition.

The <u>Harris</u> court determined that the vast distance between plaintiff's residence and the restaurant, absent some explanation, suggested the likelihood that plaintiff would never return to that restaurant.  396 F.Supp.2d at 1113-1114.  The disabled individual sought to explain by professing his intent to return to the restaurant in the future if the barriers were removed.  The disabled individual also contended that he frequently travels between his Cottonwood residence and San Diego on I-5, and he would stop at the restaurant "if he was hungry."  396 F.Supp.2d at 1114.

> Plaintiffs assertions that he would stop at the restaurant if he were hungry and that he would be more inclined to stop if the restaurant were accessible are too conjectural and hypothetical to satisfy the requirement that a plaintiff must demonstrate a threat of imminent future injury in order to obtain injunctive relief. 396 F. Supp 2d at 1115.

Accordingly, the district found that the disabled individual had failed to carry his burden of demonstrating an intent to return to the restaurant and the district court entered summary judgment for the restaurant finding that the plaintiff lacked standing.

Likewise, any claim by Spikes that he would visit European Car Service if the barriers were removed is too conjectural to establish standing in this case. He has never retained Defendant's services in the past and there is no basis to conclude that he will in the future.

### An ADA Plaintiff's History of Litigation Undermines any Professed Intent to Return to Defendant's Business in Order to Establishing Standing

A.    Molski v Mandarin Touch Restaurant

Molski v Mandarin Touch Restaurant., 385 F.Supp.2d 1042 (C.D. Cal. 2005), presented an action under Title III of the ADA against a restaurant located 116 miles from the individual's residence which the individual visited once. In considering whether the Plaintiff had plans to return to the restaurant, the district court noted that the disabled individual frequently filed Title III claims. The Molski court recognized that "*a serial plaintiff's* extensive litigation history can undermine any professed intent to return to a particular place of public accommodation. 385 F. Supp.2d at 1046 (emphasis added). In such case, any professed intent is inherently unreliable:

> If it is simply implausible that a plaintiff would return to 54 public accommodations [citing Brother v. Tiger Partner, LLC, 331 F.Supp.2d 1368, 1374-1375 (M.D.Fla. 2004) Molski's expressed intent to return to 400 or more businesses spread across the entire state of California is even more questionable. In order to credit Mr. Molski's expressed intent to return, one would have to believe that he had a genuine desire to return to each business he sued. In other words, one would have to believe that not one of the 400 public accommodations offered inadequate service, inferior products, was too inconvenient, or was otherwise so unsatisfying that Mr. Molski decided that he would never return to the business establishment in question. Molski v. Mandarin Touch, 385 F.Supp.2d at 1046; see also Brother, 331 F.Supp2d at 1374-1375

Spikes has filed 124 Title III ADA lawsuits in this district since the year 2000. (Exhibit 6). In addition, he has filed six (6) ADA lawsuits against automotive repair facilities since December 11, 2007. (Exhibits 6 and 8). It is implausible that Spikes intends to return to all six (6) facilities to have his Mercedes station wagon serviced. Moreover, his extensive litigation history severely undermines the credibility of any claim to the contrary.

B.    Delil v El Torito Restaurant

The district court in Delil v El Torito Restaurant., 1997 WL 714866 (N.D. Cal. 1997), also faced similar facts to those presented here. The plaintiff visited Monterey restaurant and encountered several ADA violations. The plaintiff filed a multiple count complaint including a claim for equitable relief under the ADA. Because the plaintiff made no subsequent attempts to return to the restaurant, the restaurant asserted that the plaintiff had not demonstrated a real and immediate threat of future harm. The federal district court agreed with the restaurant and granted its summary judgment motion dismissing the ADA claim for lack of standing.

> ADA plaintiff's who seek injunctive relief must still demonstrate that they themselves face a real and immediate threat of future harm. A Monterey resident who frequently visited the restaurant might bring a claim for injunctive relief under the ADA. [Plaintiff], however has not demonstrated continuing present adverse effects that would warrant injunctive relief. 1997 WL 714866 at*4.

Notably, in Delil, the plaintiff returned to the restaurant shortly after the district court heard argument on standing, but before it ruled. The district court termed the visit "a belated effort to bolster her standing…" 1997 WL 714866 at *1. This return trip, however, did nothing to alter the fact there really was no basis to conclude that the plaintiff was at any imminent risk of harm at the restaurant.

Similarly, Spikes has neither visited nor alleged to have visited European Car Service since July 10, 2007 and any professed intent to return to European Car Service by Spikes is nothing more than a belated effort to bolster standing and should not be given credence by this court.  Defendants respectfully request that his complaint be dismissed.

## Plaintiff has not Suffered an Injury in Fact

A.    Wilson v Kayo Oil Company

1.    Case Facts

In Wilson v Kayo Oil Company, 2007 U.S. Dist. Lexis 79832 (S.D. Cal. Oct. 25, 2007) the honorable Roger T. Benitez dismissed Plaintiff's case for lack of subject matter jurisdiction. In that case, Plaintiff Ronald Wilson, a disabled individual alleged that Defendant Kayo Oil Co. discriminated against him on the basis of his physical disability as he required a walking device, wheel chair, and/or mobility equipped van.  Id at *2.  Defendant owned an operated a Circle K/76 gas station that Plaintiff alleged to have visited whereby he encountered physical and intangible barriers thereby denying him the ability to enjoy the services of Defendant's business. Id at *2.  Similar to the present matter, Mr. Wilson claimed violations of the ADA and California Unruh Civil Rights Act.  Id at 2.  Plaintiff filed a motion for summary judgment which Defendant opposed alleging that Plaintiff lacked standing to bring their complaint.  Id at *2.

2.    The Standing Analysis as Applied to a Factually Similar ADA Complaint

In deciding whether Plaintiff had standing to bring his complaint, the Wilson court specifically required that the plaintiff show 1) an injury in fact; 2) traceable to the challenged action of the defendant; and 3) likely to be redressed by a favorable decision.  Id at *4.  The court noted that in many ADA cases where the defendant's alleged noncompliance with Title III of the ADA is the plaintiff's alleged injury, and where an injunction would redress this injury "the

second and third elements of the standing test are not at issue." See also <u>Pickern v Holiday</u>

<u>Quality Foods Inc.</u>, 293 F 3d 1133, 1137 (9th Cir. 2002). Id at *4-5. Therefore the *Wilson* court

addressed only the "injury in fact" element. Similarly, this court should limit their inquiry into

the "injury in fact" element as well. The forgoing will show that Plaintiff cannot meet his burden

of proof under the "injury in fact" element thereby rendering the second and third prongs of the

analysis moot.

   3. <u>A Four-Factor Analysis is Applied when Evaluating an ADA Plaintiff's Alleged
   Injury in Fact</u>

   To show that Plaintiff has suffered "an injury in fact" an ADA plaintiff must demonstrate

that he is likely to return to patronize the accommodation in question. <u>Harris v Stonecrest Care</u>

<u>Auto Center, LLC</u> 472 F. Supp. 2d 1208, 1215-16. However, *an ADA plaintiff cannot*

*manufacture standing to sue in a federal court by simply claiming he intends to return to the*

*facility.* <u>Wilson v Kayo Oil Company,</u> 2007 U.S. Dist. Lexis 79832, *4 (*emphasis* added).

   Rather in evaluation of the likelihood of return the court examines four factors: 1) the

proximity of the place of public accommodation to the plaintiff's residence; 2) the plaintiff's past

patronage of defendant's business; 3) the definitiveness of the plaintiff's plans to return; and 4)

the plaintiff's frequency of travel near the accommodation in question. <u>Harris v Del Taco Inc.</u>

396 F. Supp 2d 1107, 1113 (C.D. Cal. 2005); <u>Molski v Arby's Huntington Beach</u>, 359 F. Supp

2d 938, 947 n.10 (C.D. Cal. 2005). Moreover, *the proximity issue is irrelevant when*

*adjudicating the defendant's motion to dismiss.* <u>Wilson v Wal-Mart Stores, Inc.,</u> 2005 U.S.

District Lexis 40086, 2005 WL 3477841 at *4 (S.D. Cal. Oct 5, 2005) (*emphasis* added).

Therefore, only the relevant issues demonstrating that Plaintiff cannot establish a reasonable

likelihood of returning to European Car Service will be discussed below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Discussion**

A.     PLAINTIFF HAS NOT SUFFERED INJURY UNDER THE *WILSON* TEST

     1.     Past Patronage

     In a factually similar ADA case recently occurring in this district, the *Wilson* court required the Plaintiff show patronage of Defendant's business at the commencement of the action. Wilson v Kayo Oil Company, 2007 U.S. Dist. Lexis 79832, *4. In that case, the court dismissed Plaintiff's complaint for lack of standing finding that Plaintiff's two (2) visits to Defendant's retail establishment were "less than regular." Id at *8-9. Moreover, the court noted that Wilson had no legitimate reasons for traveling to Defendant's business and viewed his post-filing visits as an attempt to inflate the his statutory damages for settlement purposes. Id. Because evidence of two visits is insufficient to prove standing, the Court held that Wilson failed to satisfy the "past patronage" factor. Id.

     Spikes has alleged only one (1) visit to Defendant's establishment and has neither procured nor attempted to procure Defendant's services in a cognizable manner. (Exhibit 1, 3) Spikes cannot claim "concrete and particularized, actual or imminent" injuries for alleged ADA violations of an auto repair business whose services he has never retained. *Wilson's* complaint was dismissed for lack of standing based upon two (2) visits to the Defendant's business not satisfying the "past patronage" requirement. Likewise, Plaintiff's complaint should also be dismissed based upon both his one (1) alleged visit and lack of patronage at any point in time.

     2.     Future Patronage

     In *Wilson* a California Central District court required a showing of definite plans to return to the Defendant's business in order to have standing to proceed on his ADA claim. Id at *9-10. The court ruled that Plaintiffs two (2) previous visits coupled with his stated intent to return were

not enough to satisfy the "future patronage" requirement. Id at 9-11. The Court also took into account the fact that he visited several other gas stations similar to the defendants on the same day and filed an identical complaint against another gas station as well. Id at 10. The fact that Wilson traveled around Southern California visiting gas stations belonging to at least four different companies greatly negates his argument that he likes to frequent the San Marcos Circle K. Id at *11. On the contrary, it may suggest that he was traveling to various places of accommodation specifically with the purpose of setting up future lawsuits. Id at *11.

Similarly, Spikes has sued six (6) auto repair facilities since 12/11/2007 and filed four (4) complaints against auto repair facilities on the same day as filing the present complaint. Spikes sued another auto repair facility on February 20, 2008 as well. Spikes v Car Health Plan, Inc. et al 3:088-cv-00353-JAH-WMC. Assuming Spikes actually did the traveling, his conduct shows that he was traveling to various places of accommodation specifically for the purpose of setting up future lawsuits. (Exhibit 7). He has not alleged that anything is wrong with his car or specified what he allegedly attempted to obtain Defendant's services for.

In any event, he was never even quoted for a repair, was never given a written estimate, has not had work performed on his vehicle by Defendant, has never contracted with Defendant, or paid him at any time. (Exhibit 3) Spikes' conduct is not of the type that the American with Disabilities Act is intended to protect, he was not a patron of Defendant's business, he cannot claim that he will become one in good faith, and his complaint must therefore be dismissed for lack of standing.

B.    PLAINTIFF CANNOT SHOW IMMINENT PLANS TO RETURN

As discussed, an ADA Plaintiff must also show definite, concrete, or imminent plans to return to the business in order to allege standing. Assuming arguendo, that Plaintiff's vehicle

required the type of maintenance work that Defendant provides at some point in the future; he nonetheless cannot show any proclivity towards obtaining Defendant's services as he has alleged to have both visited (and has sued) five (5) other auto repair facilities since 12/11/2007. Therefore there is no basis to conclude that Spikes has ever, or will ever, procure Defendant's specialized services. Any one of the five (5) alternate facilities would be equally qualified to repair his Mercedes wagon.

Spikes' claim is no more cognizable than Plaintiffs Kelly and Skilbred's desire to observe crocodiles and elephants in the future in *Lujan*; or Harris' claim that he would return to that Del Taco restaurant "if he was hungry" in *Harris*; or Molski's expressed intent to return to over 400 busines in California in *Molski*. Spikes cannot establish standing by claiming to intend to have his car serviced at Defendant's auto body shop "in the future," or "if it breaks down," after he's sued "6 auto body shops" since 12/11/2007.

Plaintiff cannot reasonably plan on having one (1) car serviced at six (6) different automobile repair shops at the same time. Even if he were he to insist that European Car Service is the one place that he would trust with his Mercedes wagon, he still cannot show past patronage and his claim must be evaluated from the commencement of the action – at which time he had recently sued five (4) other repair shops. Moreover, the Plaintiffs in the aforementioned cases could at least show some past patronage of the Defendant's respective businesses; nonetheless the complaints were dismissed. Plaintiff here cannot show one instance of patronage. Accordingly, his complaint should also be dismissed.

C.    <u>PLAINTIFF IS MERELY SEEKING A CASH SETTLEMENT</u>

If Plaintiff truly intended to retain European Car Service for a legitimate purpose then he would have first notified Defendant of the alleged violations before filing the present lawsuit and

requesting $4,000 per alleged violation and $7,500 in attorneys fees. (Exhibit 2). Plaintiff's failure to do so indicates that he was unconcerned about whether European Car Service corrected any ADA violations and is seeking to extort Defendant into a cash settlement.

Similarly, in *Molski* the district court noted that a disregard for whether ADA violations were corrected indicated that there was no intent to return to the place of public accommodation and that, instead, there was only a desire not to have repairs "render moot [the plaintiff's] claim for injunctive relief under the ADA." 385 F. Supp.2d at 1047.

E.    CONCLUSION

In the absence of regular plans to return to Defendants service oriented business whose services Plaintiff has never retained, there is no real and immediate threat that Plaintiff will be harmed by Defendants alleged violations of ADA standards. Plaintiff had no reason to be at European Car Service other than to attempt to manufacture standing in the present action. Spikes has sued six (6) auto repair establishments since 12/11/2007 for the same violations. He therefore cannot demonstrate definite and concrete plans to return to European Car Service when he filed this action on 12/20/2007. Indeed, other than by rampant speculation, hypothesizing, and conjecture, there is no basis to conclude that Plaintiff will again visit European Car Service. Remedies for speculative, conjectural, and hypothetical injuries were precisely what the Supreme Court would not allow as a basis for standing in *Lujan*. In the absence of specific evidence of a concrete and particular intent to imminently return to European Car Service, Plaintiff has no standing here.


WHERETOFORE, Defendants respectfully request that this Court dismiss Plaintiff's ADA claim based on Plaintiff's lack of standing. This Court should decline to exercise further jurisdiction

over Plaintiff's remaining state law claims. <u>See</u> 28 U.S.C. 1367(c)(3). Moreover, Defendants request their costs and expenses in defending against this Complaint in the amount of $11,856.22

Respectfully Submitted,

March 7, 2007

Lawrence A Mudgett III
Attorney for Defendants
EUROPEAN CAR SERVICE and
ZENON SMOCZYNSKI