**EXHIBIT 1**

1  Amy B. Vandeveld, SBN 137904
   LAW OFFICES OF AMY B. VANDEVELD
2  1850 Fifth Avenue, Suite 22
   San Diego, California  92101
3  Telephone:   (619) 231-8883
   Facsimile:   (619) 231-8329
4
   Attorney for Plaintiff
5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 KAREL SPIKES,                    Case No.:

11        Plaintiff,               **'07 CV 2394 LAB WMc**

12 vs.                             **CIVIL COMPLAINT**

13 EUROPEAN CAR SERVICE; ANDREW    DEMAND FOR JURY TRIAL
   MACIEJEWSKI; ZENNON SMOCZYNSKI and [F.R.C.P. §38(b);
14 DOES 1 THROUGH 10, Inclusive,   Local Rule 38.1]

15        Defendants.

16

17     Plaintiff, KAREL SPIKES (hereinafter referred to as

18 "Plaintiff"), file this cause of action against Defendants

19 EUROPEAN CAR SERVICE, ANDREW MACIEJEWSKI, ZENNON SMOCZYNSKI and

20 DOES 1 THROUGH 10, Inclusive, and would show unto the Court the

21 following:

22                         **I.**

23                 **JURISDICTION AND VENUE**

24     1.   This Court has original jurisdiction of this civil

25 action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and

26 1343(a)(4) for claims arising under the Americans with

27 Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's

28 supplemental jurisdiction, 28 USC §1367.

FILED
07 DEC 20 PM 4:22
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

1    2.   Venue in this Court is proper pursuant to 28 USC
2   §§1391(b) and (c).
3    3.   Pursuant to 28 USC §1367(a), Plaintiff shall assert
4   all causes of action based on state law, as plead in this
5   complaint, under the supplemental jurisdiction of the federal
6   court.  All the causes of action based on federal law and those
7   based on state law, as herein stated, arose from a common nuclei
8   of operative fact.  That is, Plaintiff was denied equal access
9   to Defendants' facilities, goods, and/or services in violation
10  of both federal and state laws and/or was injured due to
11  violations of federal and state access laws.  The state actions
12  of Plaintiff are so related to the federal actions that they
13  form part of the same case or controversy.  The actions would
14  ordinarily be expected to be tried in one judicial proceeding.
15                               II.
16                          **THE PARTIES**
17     4.   Defendant EUROPEAN CAR SERVICE is, and at all times
18  mentioned herein was, a business or corporation or franchise
19  organized and existing and/or doing business under the laws of
20  the State of California.  EUROPEAN CAR SERVICE is located at
21  8855 La Mesa Boulevard, La Mesa, CA (hereinafter "the subject
22  property".)  Plaintiff is informed and believes and thereon
23  alleges that Defendant EUROPEAN CAR SERVICE is, and at all times
24  mentioned herein was, the owner, lessor or lessee of the subject
25  property and/or the owner and/or operator of the public
26  accommodation located at the subject property.
27     5.   Defendant ANDREW MACIEJEWSKI is, and at all times
28  mentioned herein was, an individual residing in and/or doing

                                   2

1 business under the laws of the State of California.  Plaintiff is

2 informed and believes and thereon alleges that Defendant ANDREW

3 MACIEJEWSKI is, and at all times mentioned herein was, the owner,

4 lessor or lessee of the subject property.

5    6.   Defendant ZENNON SMOCZYNSKI is, and at all times

6 mentioned herein was, an individual residing in and/or doing

7 business under the laws of the State of California.  Plaintiff is

8 informed and believes and thereon alleges that Defendant ZENNON

9 SMOCZYNSKI is, and at all times mentioned herein was, the owner,

10 lessor or lessee of the subject property.

11    7.   Plaintiff is informed and believes, and thereon

12 alleges, that Defendants and each of them herein were, at all

13 times relevant to the action, the owners, franchisees, lessees,

14 general partners, limited partners, agents, employees,

15 employers, representing partners, subsidiaries, parent

16 companies, joint venturers and/or divisions of the remaining

17 Defendants and were acting within the course and scope of that

18 relationship.  Plaintiff is further informed and believes, and

19 thereon alleges, that each of the Defendants herein gave

20 consent to, ratified, and/or authorized the acts alleged herein

21 of each of the remaining Defendants.

22    8.   Plaintiff is an otherwise qualified disabled

23 individual as provided in the Americans with Disabilities Act

24 of 1990, 42 USC §12102, Part 5.5 of the California Health &

25 Safety Code and the California Unruh Civil Rights Act, §§51, et

26 seq., 52, et seq., the California Disabled Persons Act, §§54,

27 et seq., and other statutory measures which refer to the

28 protection of the rights of "physically disabled persons."

1  Plaintiff visited the public accommodation owned and/or
2  operated by Defendants and/or located at the subject property
3  for the purpose of availing himself of the goods, services,
4  facilities, privileges, advantages, or accommodations operated
5  and/or owned by Defendants and/or located on the subject
6  property.

7       9.    Plaintiff is informed and believes and thereon alleges
8  that the subject facility has been newly constructed and/or
9  underwent remodeling, repairs, or alterations since 1971, and
10 that Defendants have failed to comply with California access
11 standards which applied at the time of each such new
12 construction and/or alteration.

13                              **III.**

14                             **FACTS**

15      10.   Plaintiff has a mobility impairment and uses a
16 wheelchair.  Moreover, he has had a history of or has been
17 classified as having a physical impairment, as required by 42
18 USC §12102(2)(A).

19      11.   On or about July 10, 2007 and continuing through the
20 present date, Plaintiff was denied full and equal access to the
21 facilities owned and/or operated by the Defendants because the
22 facility and/or subject property were inaccessible to members
23 of the disabled community who use wheelchairs for mobility.
24 Plaintiff was denied full and equal access to portions of the
25 property because of barriers which included, but are not
26 limited to, inaccessible path of travel and lack of accessible
27 parking space, as well as, lack of signage for said space.
28 Plaintiff was also denied full and equal access because of

                                4

1  discriminatory policies and practices regarding accommodating

2  people with disabilities.  Plaintiff filed this lawsuit to

3  compel compliance with access laws and regulations.

4      12.  As a result of Defendants' failure to remove

5  architectural barriers, Plaintiff suffered injuries.  People

6  with disabilities, because of the existing barriers, are denied

7  full and equal access to the Defendants' facilities.  The ADA

8  has been in effect for more than 16 years.  Given the vast

9  availability of information about ADA obligations, including

10  FREE documents which are available from the U.S. Department of

11  Justice by calling (800) 514-0301 or at the following web

12  sites: **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and

13  **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with

14  their barrier removal obligations is contemptible.

15      13.  Plaintiff is an otherwise qualified individual as

16  provided in the Americans with Disabilities Act or 1990, 42 USC

17  §12102, the Rehabilitation Act of 1973, Section 504 (as amended

18  29 USC §794) and the California Unruh Civil Rights Act, Civil

19  Code §§51, 52, 54.1, and 54.3, and other statutory measures

20  which refer to the protection of the rights of "physically

21  disabled persons."  Plaintiff visited the public facilities

22  owned and operated by Defendants for the purpose of availing

23  himself of the goods and services offered and provided by

24  Defendants and/or for the purpose of obtaining removal of

25  architectural barriers and/or modification of policies,

26  practices and procedures to provide accessibility to people

27  with disabilities.  Plaintiff was injured in fact, as set forth

28  more specifically herein.

1    14.  Plaintiff alleges that Defendants will continue to
2  operate public accommodations which are inaccessible to him and
3  to other individuals with disabilities.  Pursuant to 42 USC
4  §12188(a), Defendants are required to remove architectural
5  barriers to their existing facilities.
6    15.  Plaintiff has no adequate remedy at law for the
7  injuries currently being suffered in that money damages will
8  not adequately compensate Plaintiff for the amount of harm
9  suffered as a result of exclusion from participation in the
10  economic and social life of this state.
11    16.  Plaintiff believes that architectural barriers
12  precluding Plaintiff full and equal access of the public
13  accommodation will continue to exist at Plaintiff's future
14  visits, which will result in future discrimination of
15  Plaintiff, in violation of the Americans with Disabilities Act.
16  Plaintiff is currently being subjected to discrimination
17  because Plaintiff cannot make use of and obtain full and equal
18  access to the facilities, goods and/or services offered by
19  Defendants to the general public.  Plaintiff seeks damages for
20  each offense relating to each of Plaintiff's visits to the
21  subject property when Plaintiff was denied full and equal
22  access to the subject property or was deterred from attempting
23  to avail himself of the benefits, goods, services, privileges
24  and advantages of the place of public accommodation at the
25  subject property because of continuing barriers to full and
26  equal access.
27  ///
28  ///

IV.

**FIRST CLAIM FOR**
**VIOLATION OF AMERICAN WITH DISABILITIES ACT**
**42 USC §12101, et seq.**

17.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16, inclusive, as though set forth fully herein.

18.  Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182(a).  Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC §12188 as a result of the actions or inaction of Defendants.

19.  Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and other relief as the court may deem proper.  Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

V.

**SECOND CLAIM FOR**
**VIOLATION OF CALIFORNIA CIVIL CODE**

20.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19, inclusive, as though set forth fully herein.

21.  Based on the facts plead hereinabove and elsewhere in

1 this complaint, Defendants did, and continue to, discriminate
2 against Plaintiff and persons similarly situated by denying
3 disabled persons full and equal access to and enjoyment of the
4 subject facilities and of Defendants' goods, services,
5 facilities, privileges, advantages or accommodations within a
6 public accommodation, in violation of California Civil Code
7 §§51, et seq., 52, et seq., and 54, et seq.

8     22.  Defendants' actions constitute a violation of
9 Plaintiff's rights under California Civil Code §§51, et seq.,
10 52, et seq., and 54, et seq. and therefore Plaintiff is
11 entitled to injunctive relief remedying all such violations of
12 California access laws and standards.  In addition, Plaintiff
13 is entitled to damages under California Civil Code §54.3 for
14 each offense.  The amount of damages suffered by Plaintiff is
15 not yet determined.  When the amount is ascertained, Plaintiff
16 will ask the Court for leave to amend this complaint to reflect
17 this amount.  Plaintiff is also entitled to and requests
18 attorneys' fees and costs.

19     23.  The actions of Defendants were and are in violation of
20 the Unruh Civil Rights Act, California Civil Code §§51, et seq.
21 and therefore Plaintiff is entitled to injunctive relief
22 remedying all such violations of California access laws and
23 standards.  In addition, Plaintiff is entitled to damages under
24 California Civil Code §52 for each offense.  The amount of
25 damages suffered by Plaintiff is not yet determined.  When the
26 amount is ascertained, Plaintiff will ask the Court for leave
27 to amend this complaint to reflect this amount.

28     24.  Plaintiff seeks all of the relief available to him

1  under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and
2  any other Civil Code Sections which provide relief for the
3  discrimination suffered by Plaintiff, including damages and
4  attorneys fees.

VI.

**THIRD CLAIM FOR
VIOLATION OF HEALTH AND
SAFETY CODE §19950, ET SEQ.**

8      25.   Plaintiff re-alleges and incorporates by reference
9  each and every allegation contained in paragraphs 1 through 24,
10 inclusive, as though set forth fully herein.

11     26.   Defendants' facilities are public accommodations
12 within the meaning of Health and Safety Code §19950, et seq.,
13 and Plaintiff is informed and believes and thereon alleges that
14 Defendants have newly built or altered the subject property
15 and/or the subject facility since 1971 within the meaning of
16 California Health and Safety Code §19959.  The aforementioned
17 acts and omissions of Defendants constitute a denial of equal
18 access to the use and enjoyment of the Defendants' facilities
19 by people with disabilities.

20     27.   Defendants' failure to fulfill their duties to provide
21 full and equal access to their facilities by people with
22 disabilities has caused Plaintiff to suffer deprivation of
23 Plaintiff's civil rights, as well as other injuries.

24     28.  As a result of Defendants' violations of Health and
25 Safety Code §§19955, et seq., described herein, Plaintiff is
26 entitled to and requests injunctive relief pursuant to Health
27 and Safety Code §§19953, and to reasonable attorney's fees and
28 costs.

## VII.

### FOURTH CLAIM FOR DECLARATORY RELIEF

29.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though set forth fully herein.

30.   An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety Code §§19950, et seq., Government Code §§4450, et seq. and 7250, et seq., Title 24 of the California Code of Regulations, and/or Title III of the Americans with Disabilities Act and its implementing Accessibility Regulations.

31.   A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

## VIII.

### FIFTH CLAIM FOR INJUNCTIVE RELIEF

32.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though set forth fully herein.

33.   Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies and practices regarding accommodating people with disabilities.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

1    34.   Plaintiff seeks injunctive relief to redress

2  Plaintiff's injuries.

3                            IX.

4                       **JURY DEMAND**

5    35.   Pursuant to Rule 38 of the Federal Rules of Civil

6  Procedure, Plaintiffs hereby request a jury trial.

7    WHEREFORE, Plaintiff prays for judgment against the

8  Defendants, EUROPEAN CAR SERVICE, ANDREW MACIEJEWSKI, ZENNON

9  SMOCZYNSKI and DOES 1 through 10, as follows:

10   1.   For injunctive relief, compelling Defendants to comply

11        with the Americans with Disabilities Act, the Unruh

12        Civil Rights Act and the Disabled Persons Act. Note:

13        the plaintiff is not invoking section 55 of the

14        California Civil Code and is not seeking injunctive

15        relief under that section;

16   2.   That the Court declare the respective rights and

17        duties of Plaintiff and Defendants as to the removal

18        of architectural barriers at Defendants' public

19        accommodations;

20   3.   An order awarding Plaintiff actual, special and/or

21        statutory damages for violation of his civil rights

22        and for restitution including, but not limited to,

23        damages pursuant to the applicable Civil Code Sections

24        including, but not limited to, §§52 and 54.3 for each

25        and every offense of Civil Code §§51 and 54;

26   4.   An award of compensatory damages according to proof;

27   5.   An award of up to three times the amount of

28        actual damages pursuant to the Unruh Civil

                            11

1    Rights Act and the Disabled Persons Act; and

2    6.    An order awarding Plaintiff reasonable attorneys' fees

3          and costs;

4    7.    Such other and further relief as the Court deems

5          proper.

6    DATED:    12/19/07              LAW OFFICES OF AMY B. VANDEVELD

7

8                                   _____

9                                   AMY B. VANDEVELD,
                                    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              12

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145783    - SR
* * C O P Y * *
December 20, 2007
16:22:20

Civ Fil Non-Pris
USAO #.: 07CV2394 CIV. FIL.
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC#3317

Total->  $350.00

FROM: SPIKES V. EUROPEAN CAR SVC, ET
      CIVIL FILING

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**   KAREL SPIKES,

**DEFENDANTS**
EUROPEAN CAR SERVICE; DENNIS
MACIEJEWSKI; ZENNON SMOCZYNSKI
and DOES 1 THROUGH 10, Inclusive

**FILED**
07 DEC 20 PM 4: 24
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Amy B. Vandeveld, Esq.
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA 92101    (619) 231-8883

**ATTORNEYS (IF KNOWN)**

'07 CV 2394 LAB WMc

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | | | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury-Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | | 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | SOCIAL SECURITY | 810 Selective Service |
| | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 153 Recovery of Overpayment of Veterans Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 160 Stockholders Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 190 Other Contract | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 195 Contract Product Liability | | | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | | 950 Constitutionality of State |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | | 890 Other Statutory Actions |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- XX 1 Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
- CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ To be determined at trial

CHECK YES only if demanded in complaint:
JURY DEMAND: XX YES   NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE 12/18/07

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

# 145783  $350.
12/20/07

ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**EXHIBIT 2**

1   Amy B. Vandeveld, SBN 137904
    LAW OFFICES OF AMY B. VANDEVELD
2   1850  Fifth Avenue, Suite 22
    San Diego, California  92101
3   Telephone:  (619) 231-8883
    Facsimile:  (619) 231-8329
4   Attorney for Plaintiff

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  KAREL SPIKES,                          Case No.: 07 CV 2394
                                           LAB (WMc)
11          Plaintiff,
                                           REQUEST FOR ENTRY OF
12  EUROPEAN CAR SERVICE; ANDREW           CLERK'S DEFAULT AGAINST
    MACIEJEWSKI; ZENNON SMOCZYNSKI and     DEFENDANT ANDREW
13  DOES 1 THROUGH 10, Inclusive,          MACIEJEWSKI
            Defendants.
14

15

16       Plaintiff, KAREL SPIKES, respectfully requests that the

17  Clerk of the United States District Court, Southern District,

18  enter default against defendant ANDREW MACIEJEWSKI.

19       SPIKES filed the instant Complaint on December 20, 2007.

20  ANDREW MACIEJEWSKI was personally served with the Complaint and

21  Summons on January 15, 2008.  The Proof of Service and Summons

22  was filed with this Court on January 23, 2008  (A copy of the

23  Summons and Declaration of Service filed with this Court is

24  attached to the accompanying Declaration of Amy B. Vandeveld as

25  Exhibit "A".)

26       Attached as Exhibit "B" to the Vandeveld Declaration is the

27  Declaration of Greg Cole, process server, confirming that he

28  personally served an individual who identified himself as Andrew

                                   1

1  Maciejewski at approximately 10:00 a.m. on January 15, 2008.

2       Pursuant to F.R.Civ.P. Rule 12, ANDREW MACIEJEWSKI was

3  required to respond to the Complaint within 20 days of said

4  service.  ANDREW MACIEJEWSKI failed to file a response within the

5  20 day period and, in fact, has never filed a response to the

6  instant Complaint.

7       Plaintiff was subjected to discrimination in the instant

8  action because of inaccessible paths of travel and lack of an

9  accessible parking space, as well as lack of signage for such

10  space.  Plaintiff seeks $4,000.00 per offense, as well as damages

11  for emotional distress and other injuries, as authorized by

12  California Civil Code Section 52.  Plaintiff also seeks recovery

13  of his attorneys' fees and costs, as provided by California Civil

14  Code Sections 51, et seq., and 54 et seq., and by Title III of

15  the Americans with Disabilities Act, 42 USC Sec. 12188.

16       Respectfully submitted:

17  DATED 2/13 , 2008          LAW OFFICES OF AMY B. VANDEVELD

18

19                             _____

20                             AMY B. VANDEVELD,
                               Attorney for Plaintiff

21

22

23

24

25

26

27

28

                                2

1  Amy B. Vandeveld, State Bar No. 137904
   LAW OFFICES OF AMY B. VANDEVELD
2  1850 Fifth Avenue, Suite 22
   San Diego, California  92101
3  Telephone:  (619) 231-8883
   Facsimile: (619) 231-8329
4
   Attorney for Plaintiff
5

6

7

8

9                   IN THE UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11  KAREL SPIKES,                    Case No.: 07 CV 2394
                                     LAB (WMc)
12          Plaintiff,
                                     DECLARATION OF AMY B.
13  vs.                              VANDEVELD IN SUPPORT
                                     OF REQUEST FOR ENTRY
14  EUROPEAN CAR SERVICE; ANDREW     OF CLERK'S DEFAULT
    MACIEJEWSKI; ZENNON SMOCZYNSKI and  JUDGMENT AGAINST
15  DOES 1 THROUGH 10, Inclusive,    DEFENDANT ANDREW
                                     MACIEJEWSKI
16          Defendants.

17

18      I, AMY B. VANDEVELD, declare:

19      1.   I am the attorney for Plaintiff, and am licensed and

20  admitted to practice before all the courts of California,

21  including the Southern District of United States District Court

22  in California.

23      2.   I have personal knowledge of the facts set forth in

24  this Declaration and if called as a witness I could competently

25  testify to the following facts.

26      3.   Attached hereto as Exhibit "A" is a true and correct

27  copy of the Summons and Return of Service of Defendant  ANDREW

28

1 | MACIEJEWSKI.

2 |     4.    Attached hereto as Exhibit "B" is a true and correct

3 | copy of the Declaration of Greg Cole, certified process server,

4 | confirming that he personally served an individual who identified

5 | himself as Andrew Maciejewski at approximately 10:00 a.m. on

6 | January 15, 2008.

7 |     I declare under penalty of perjury under the laws of the

8 | State of California and the United States of America that the

9 | foregoing is true

10 | and correct.

11 |     Executed this ___13th___ day of __February__, 2008, at San

12 | Diego, California.

13 |

14 |         AMY B. VANDEVELD

1  Amy B. Vandeveld, Esq.

2  1850 5th Avenue

3  SAN DIEGO, CA. 92101

4  619-231-8883

5

6                    UNITED STATES DISTRICT COURT

7                  SOUTHERN DISTRICT OF CALIFORNIA

8

9  KAREL SPIKES,                    ) Case No. 07CV2394 LAB WMC
                                    )
10           PLAINTIFF,             ) PROOF OF SERVICE
                                    )
11      vs.                         )
                                    )
12 EUROPEAN CAR SERVICE, et al.,    )
                                    )
13           DEFENDANT,             )
                                    )
14

15  ─────────────────────────────────

16      I, GREG COLE, declare as follows:

17      I am over the age of eighteen years and not a party to this

18  action. I am employed in the County of San Diego, California,

19  where the service occurred and my business address is 2250

20  Fourth Avenue, San Diego, CA 92101.

21      I served the following documents:

22      SUMMONS IN A CIVIL ACTION; COMPLAINT; CIVIL CASE COVER

23  SHEET

24  //

25  //

PROOF OF SERVICE - 1

Exhibit A

AMY B. VANDEVELD, ESQ. SBN 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 5TH AVE.
SAN DIEGO CA 92101
619-231-8883
Attorney for : PLAINTIFF

Ref. No.        : 0297901-02
Atty. File No.  : 07CV2394LABWMC

UNITED STATES DISTRICT COURT, SO. DISTRICT OF CA
SOUTHERN JUDICIAL DISTRICT

PLAINTIFF    : KAREL SPIKES
DEFENDANT    : EUROPEAN CAR SERVICE, et al.

Case No.: 07 CV 2394 LAB WMC
**PROOF OF SERVICE**

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the SUMMONS IN A CIVIL ACTION; COMPLAINT; CIVIL COVER SHEET

3.   a. Party served   :   ANDREW MACIEJEWSKI
     b. Person served  :      Party in item 3a

4.   Address where the party was served 8855 LA MESA BOULEVARD
                              LA MESA, CA  91941      (Business)

5.   I served the party
     a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on  January 15, 2008   (2) at: 10:00 AM

6.   The "Notice to the person served" (on the summons) was completed as follows:
     a. as an individual defendant.

7.   Person who served papers
     a. GREG COLE
     b. KNOX ATTORNEY SERVICE, INC.
        2250 Fourth Avenue
        San Diego, California  92101
     c. 619-233-9700

     d. Fee for service: $28.75
     e. I am:
           (3)  a registered California process server
                (i)   an independent contractor
                (ii)  Registration No.:  387
                (iii) County: SAN DIEGO, CA

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 16, 2008

Signature:  GREG COLE

Jud. Coun. form, rule 982.9
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

Exhibit  A

1  AMY B. VANDEVELD, ESQ., SBN 137904
   **LAW OFFICES OF AMY B. VANDEVELD**
2  1850 5TH AVE.
   SAN DIEGO  CA 92101
3  Phone: 619-231-8883

4  Attorney for Plaintiff, KAREL SPIKES

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 KAREL SPIKES,                    ) Case No.:  07 CV 2394 LAB WMc
                                    )
12            Plaintiff,            ) DECLARATION OF GREG COLE
                                    ) REGARDING SERVICE OF SUMMONS IN
13      vs.                         ) A CIVIL ACTION AND COMPLAINT
                                    ) UPON DEFENDANT, ANDREW
14 EUROPEAN CAR SERVICE, et al.,    ) MACIEJEWSKI
                                    )
15            Defendants            )
                                    )
16 _____ )

17      I, Greg Cole, declare that I have personal knowledge of the

18 matters contained herein. To those matters contained herein,

19 that I do not have personal knowledge of, I state them upon

20 information and belief. If called as a witness, I can and will

21 competently testify to the matters contained herein.

22      I am an independent California registered process server

23 (San Diego County Registration No. 387) for Knox Attorney

24 Service, Inc., located at 2250 Fourth Avenue, San Diego, CA

25 92101; the business phone number is (619)233-9700. I am over the

age of eighteen and not a party to this action.

1. On January 15, 2008, I received a request to serve a Summons in a Civil Action, Complaint and Civil Cover Sheet upon defendant, Andrew Maciejewski (hereinafter "Defendant"). Plaintiff's attorney provided a business address of 8855 La Mesa Boulevard, La Mesa, CA 91941.

2. At approximately 10:00a.m., I arrived at the above 8855 La Mesa Boulevard address. At that time, I effectuated personal service upon a gentleman who identified himself as Defendant.

I declare under the penalty of perjury under the laws of the State of California that the foregoing in true and correct.

Dated this 6th day of February, 2008

GREG COLE

DECLARATION OF GREG COLE - 2

Ex B
2

## PROOF OF SERVICE

I, the undersigned, declare that:  I am authorized to serve the following document(s) in the within action pursuant to F.R.Civ.P. 4(c) and that the documents were served on today's date as follows:

1.  Case Name/USDC Number:
    **Spikes v. European Car Service**
    **USDC No.: 07 cv 2394 LAB (WMc)**

2.  Document(s) served:
    **REQUEST FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT ANDREW MACIEJEWSKI; DECLARATION OF AMY B. VANDEVELD IN SUPPORT OF REQUEST FOR ENTRY OF CLERK'S DEFAULT JUDGMENT AGAINST DEFENDANT ANDREW MACIEJEWSKI**

3.  Person(s) served/Place of service:
    **Thanasi Preovolos, Esq.**
    **PREOVOLOS & ASSOCIATES, ALC**
    **401 B Street, Suite 1160**
    **San Diego, CA 92101**
    **Facsimile: (619) 238-5344**
    **Counsel for Defendants EUROPEAN CAR SERVICE and ZENON SMOCYNSKI**

    **Andrew Maciejewski**
    **8855 La Mesa Boulevard**
    **La Mesa, CA 91941**
    **Defendant**

4.  Manner of Service:
    _____ (a)  Personal Service:  By handing copies of the document(s) to the person served [F.R.Civ.P. 5(b)(2)(A)].

    ___/___ (b)  Service by Mail:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid, at San Diego, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit. [F.R.Civ.P. 5(b)(2)(B); Cal. Code of Civil Procedure, Sections 1013a, 2015]

    _____ (c)  Facsimile Transmission:  From Fax No. (619) 231-8329 to the facsimile number(s) listed on this proof of service. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. [[F.R.Civ.P. 5(b)(2)(D)].

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed On:  _2/13/08_____

By:  _____
     LAURIE MILLER

1

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karel Spikes | |
| Plaintiff, | **Civil No.    07cv2394LAB-(WMc)** |
| **vs** | **DEFAULT** |
| Andrew Maciejewski | |
| Defendant, | |

    It appears from the records in the above entitled action that Summons issued on the Original Complaint filed on 12/20/07 has been regularly served upon the above named Defendant; and it appears from the records herein that the Defendant has failed to plead or otherwise defend in said action as required by said Summons and provided by the Federal Rules of Civil Procedure.  Now, therefore, the DEFAULT of the Defendants is hereby entered.

**Entered
On:**02/14/08

W. SAMUEL HAMRICK, JR., CLERK

By:  _____ s/V. Perez _____

, Deputy

**EXHIBIT 3**

Lawrence Mudgett SBN 252898
Athanasios Preovolos SBN 182334
Preovolos & Associates, a Law Corporation
401 B Street, Suite 1520
San Diego, CA 92101
Telephone: 619-696-0520
Facsimile: 619-238-5344

Attorney for Defendants
Zenon Smoczynski and European Car Service

## DECLARATION OF ZENON SMOCZYNSKI

I am ZENON SMOCZYNSKI, I have independent personal knowledge of the facts attested herein and declare them to be true and correct under penalty of perjury. If called upon to do so I could and would testify to the same.

1)     I am the sole owner and operator of European Car Service, I am the only mechanic, I have no employees, and have been in business since on or about 1992.

2)     European Car Service is located at 8855 La Mesa Blvd in La Mesa, California (hereinafter "the property") and I co-own the property with Andrew Maciejewski.

3)     I specialize in repairing European automobiles, I have no retail inventory, and my clients do not frequently visit the property.

4)     The property consists of an office, mechanics garage, surrounding area, and a vacant lot.

5)     My clients either contact me, their vehicles are towed to me, or they are referred to me. I do not obtain clients by any other means.

6)     I do not service my client's European cars unless I am contracted to do so first.

7)     My clients contract for services and then pay me upon completion.

8)     Oftentimes, individuals first contact me seeking a written estimate for my services.

9)     I have neither contracted with nor been paid by Karel Spikes.

-1-
Declaration of Zenon Smoczynski

10) I have never provided Karel Spikes a written estimate.

11) I was the only mechanic present at the property on July 10, 2007 and an individual that I now know to be Karel Spikes drove onto the property in a white Mercedes.

12) Karel Spikes did not exit his vehicle.

13) He rolled down his window and asked me for a quote to service his car. I cannot recall what he requested to have repaired.

14) I do not give anyone verbal quotes and refused to quote him a price.

15) Spikes then left European Car Service.

16) I have not seen Karel Spikes or his white Mercedes ever since.

17) I was not aware of his handicap as he did not exit his vehicle.

18) The entire incident lasted approximately one minute.

19) On or about March 5, 2008 my attorney Lawrence Mudgett showed me a photograph of Karel Spikes and a Mercedes model 300TE station wagon with disabled license plate number Y0628.

20) This was the first time I had seen Karel Spikes or that Mercedes wagon since July 10, 2007.

21) I had no basis to conclude the individual in the photograph was Karel Spikes or that the Mercedes wagon belonged to him but for my attorney's representations.

22) Upon seeing the photograph I was able to recall the incident described in sections 11- 18 above.

23) I was surprised that the individual in the incident above is the same man who is suing me now since I never worked on his car, prepared a quote, or was even aware of his handicap.

24) I have not serviced any Mercedes model 300TE wagons since the year 2000 and to the best of my knowledge, I cannot recall ever servicing any Mercedes model 300TE wagon at any time.

25) On January 15, 2008 I was the only employee present at European Car Service.

26)   I was personally served with two copies of Plaintiff's complaint, one on behalf of myself and one on behalf of European Car Service.

27)   Andrew Maciejewski was not present at European Car Service on January 15, 2008 and could not have been personally served there.

28)   Andrew left San Diego on or about June 2001 and I have not seen him since.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 7, 2008

Zenon Smoczynski

**EXHIBIT 4**









**EXHIBIT 5**

Lawrence Mudgett SBN 252898
Athanasios Preovolos SBN 182334
Preovolos & Associates, a Law Corporation
401 B Street, Suite 1520
San Diego, CA 92101
Telephone: 619-696-0520
Facsimile: 619-238-5344


Attorney for Defendants
Zenon Smoczynski and European Car Service

## DECLARATION OF ATTORNEY LAWRENCE MUDGETT

I am LAWRENCE MUDGETT III, I have independent personal knowledge of the facts attested herein and declare them to be true and correct under penalty of perjury.  If called upon to do so I could and would testify to the same.

1)     I am the attorney for Defendants European Car Service and Zenon Smoczynski.

2)     On or about March 3, 2008 I ran a google search for Karel Ray Spikes on the internet on my computer at work.

3)     The first result listed was for Karel Ray Spikes' personal website "karelrayspikes.com".

4)     The home page for "karelrayspikes.com" features a picture of Karel Ray Spikes posing with a Mercedes 300TE wagon attached hereto as exhibit 4.

5)     Using the information provided on the website, I was able to locate Mr. Spikes' residence.  On or about March 5, 2008 I traveled to Mr. Spikes' residence.

6)     I witnessed the same Mercedes wagon pictured in the website photo parked approximately 20 yards from Mr. Spikes' front door and in the same setting as it appears in the photo.

7)     I observed a wheel chair in the trunk and took the other photos attached in exhibit 4.

8)     On or about March 5, 2008 I showed the photos to my client Zenon Smoczynski.

9)   He was shocked to learn that the individual pictured in the photos was the Plaintiff in the present action.

10)  He then recalled the events that transpired on or about July 10, 2007 listed in his declaration attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 7, 2008

Lawrence Mudgett III