```
 1  Amy B. Vandeveld, SBN 137904
    LAW OFFICES OF AMY B. VANDEVELD
 2  1850 Fifth Avenue, Suite 22
    San Diego, CA  92101
 3  Telephone: (619) 231-8883
    Facsimile: (619) 231-8329
 4
    Attorney for KAREL SPIKES
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9              SOUTHERN DISTRICT OF CALIFORNIA
10  KAREL SPIKES,                    Case No.: 07 CV 2394 LAB
                                     (WMc)
11       Plaintiff,
                                     DECLARATION OF R. SCOTT
12  vs.                              MEYER, M.D. IN SUPPORT
                                     OF PLAINTIFF'S
13  EUROPEAN CAR SERVICE; ANDREW     OPPOSITION TO
    MACIEJEWSKI; ZENNON SMOCYNSKI and DEFENDANTS' MOTION TO
14  DOES 1 THROUGH 10, Inclusive,    DISMISS
15       Defendants.                 [FRCP 12(B)(1)]
16
17                                   Date: April 14, 2008
                                     Time: 11:15 a.m.
18                                   Courtroom: 9
                                     Judge: The Honorable Larry A.
19  ─────────────────────────────          Burns
```

20      I, R. SCOTT MEYER, M.D., declare:

21      1.      I am not a party to this action.  I am a resident of the County of San Diego,

22  State of California and I have personal knowledge of the following facts.  If called as a

23  witness, I could and would competently testify to the following:

24      2.      I am an orthopedic surgeon and am affiliated with the UCSD Medical

25  Center, Department of Orthopedic Surgery, located at 350 Dickenson Street, Suite 121,

26  San Diego, CA 92103.

27      3.      I have been Karel Spikes' treating physician for more than ten years.  Based

28

upon my observations and assessment of Mr. Spikes, and my medical expertise, it is my medical opinion that Mr. Spikes has at least three conditions which substantially impair his ability to walk, stand, climb stairs and negotiate curbs: a) traumatic above-knee amputation of the right lower extremity; b) chronic instability of the left knee due to knee dislocation; and c) drop-foot due to permanent neurological injury at the left knee.

4.  Mr. Spikes requires the use of a wheelchair for mobility, which I prescribed for him, because of the above-identified medical conditions. Without a wheelchair, Mr. Spikes would be substantially limited in his every day activities because he cannot walk without great difficulty and pain, nor can he stand for more than fifteen to twenty minutes without great difficulty and pain.

5.  While Mr. Spikes can walk, if wearing a prosthesis, his gait is severely imbalanced and unsteady, due to the drop-foot in his left lower extremity, his unstable left knee, and the pain associated with the use of his prosthesis. These conditions also severely limit the distance he is able to walk. Further, his drop-foot condition, his left knee instability and the use of his prosthesis, make it difficult, if not impossible, for Mr. Spikes to negotiate curbs and/or stairs unless there are railings or other supportive features available. I strongly recommend that Mr. Spikes avoid negotiating stairs or curbs, while walking, unless he has adequate support.

6.  I am further aware that Mr. Spikes suffers from "phantom pains" associated with his amputated extremity. Based upon my experience as an orthopedic surgeon, I am aware that such pains are often debilitating. I have treated Mr. Spikes for debilitating phantom pains.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 14th day of March, 2008 at San Diego, California.

R. Scott Meyer, M.D.

2