## RELEASE AND SETTLEMENT AGREEMENT

**SECTION 1.1**          **THE PARTIES TO BE BOUND**

This Settlement Agreement (the "Agreement") is made effective the 12th day of February, 1999 ("the Effective Date") by and between KAREL SPIKES, Plaintiff, on the one hand and JOSEPH SCIUTO dba LAMPLIGHTER on the other (collectively "the Parties").

**SECTION 1.2**          **RECITALS**

**A.    WHEREAS,** on October 30, 1998, Plaintiff caused to be filed a civil complaint and on December 17, 1998 caused to be filed a First Amended Complaint in the United States District Court for the Southern District of California ("the Court"), which was entitled SPIKES v. JOSEPH SCIUTO dba LAMPLIGHTER et. al. and DOES 1 through 10, inclusive, Case No. 98 cv 1980 K (JAH) (hereinafter referred to as "the COMPLAINT").  The COMPLAINT alleged causes of action charging discriminatory practices in public accommodations under a number of various theories and statutes.

**B.    WHEREAS,** the COMPLAINT pertained to a facility located at 817 West Washington, San Diego, California, (hereinafter "the PROPERTY.")

**C.    NOW THEREFORE,** based on the covenants and promises contained below, the parties have agreed to enter into this

3/29/99 Ed.                    1


Exhibit 7

Agreement on the terms set forth below.

**SECTION 2.1           SPECIFIC TERMS**

    **A.    Recitals:**

The Recitals set forth herein are an integral part of this Agreement, and shall be used in any interpretation of this Agreement.

    **B.    Performance By the Defendant:**

The Defendant warrants, promises and covenants to undertake the following actions and performances:

1.    On or before June 1, 1999, Defendant shall perform the following modifications to bring its facility into compliance with the Americans with Disabilities Act ("ADA") and Title 24 of the California Code of Regulations:

      a.    Defendant shall modify the front entrance by removing a portion of the interior wall which faces the street for the purpose of increasing the turning radius at the entrance.

      b.    Defendant shall provide seating at the tables in the dining/bar area which are accessible to people in wheelchairs, in compliance with the ADA.  Defendant shall offer the same service to people in wheelchairs at these tables as is provided to customers sitting at the bar.  Defendant shall train its personnel regarding this policy.

      c.    Defendant shall modify its bathroom to comply with the ADA including, but not limited to, installing grab bars, installing appropriate

3/29/99 Ed.                                   2

Exhibit ___

2

> signage, providing knee clearance
> at the lavatory, installing
> compliant faucet handles, lowering
> the paper towel dispenser and
> mirror, installing compliant
> handles on the bathroom door.

2.    On or before April 15, 1999, Defendant, JOSEPH SCIUTO

dba LAMPLIGHTER shall pay to the Plaintiff the total sum of Four

Thousand Dollars ($4,000.00).  This sum is intended to resolve

Plaintiff's claim for damages, attorney's fees and costs.  The

settlement check shall be made payable to "the Amy B. Vandeveld

Client Trust Account."

C.    **Performance By the Plaintiff and His Counsel:**

The Plaintiff and his counsel promise and covenant to

undertake the following actions and performances:

1.    To file a Stipulated Dismissal with prejudice of the

COMPLAINT.  Said Dismissal shall be filed in the United States

District Court for the Southern District of California upon

completion of the above-described modifications.

D.    **Mutual Releases:**

1.    For valuable consideration, the receipt and adequacy of

which are hereby acknowledged by, (a) the Plaintiff, on the one

hand, and (b) the Defendant on the other hand, on behalf of

themselves and their respective heirs, executors, administrators,

assigns, successors, predecessors, employees, agents, attorneys,

past, present and future officers, directors, partners and

3/29/99 Ed.                         3

Exhibit  ____

3

## RELEASE AND SETTLEMENT AGREEMENT

**SECTION 1.1**          **THE PARTIES TO BE BOUND**

This Settlement Agreement (the "Agreement") is made effective May 27, 2004, ("the Effective Date") by and between KAREL SPIKES (hereinafter "SPIKES"), on the one hand and BOTTLE SHOP and GARGANO FAMILY TRUST on the other. BOTTLE SHOP and GARGANO FAMILY TRUST are hereinafter referred to as "the Defendants". The Defendants and the Plaintiff are hereinafter collectively referred to as "the Parties".

**SECTION 1.2**          **RECITALS**

**A.** **WHEREAS,** on April 26, 2004, Plaintiff caused to be filed a Civil Complaint in the United States District Court for the Southern District of California ("the Court"), which was entitled <u>SPIKES v. BOTTLE SHOP et al.</u>, USDC Case No. 04 cv 0864 J (BLM) (hereinafter referred to as "the COMPLAINT"). The COMPLAINT alleged causes of action charging discriminatory practices and architectural barriers in public accommodations under a number of various theories and statutes.

**B.** **WHEREAS,** the COMPLAINT pertains to a facility located at 2447 Fletcher Parkway, El Cajon, California, (hereinafter "the PROPERTY.")

**C.** **NOW THEREFORE,** based on the covenants and promises contained below, the parties have agreed to enter into this Agreement on the terms set forth below.

Spikes v. Bottle Shop
June 21, 2004 Edition

Exhibit $\frac{1}{4}$

Spikes v Bottle Shop

**SECTION 2.1**          **SPECIFIC TERMS**

A.    <u>Recitals:</u>

The Recitals set forth herein are an integral part of this Agreement, and shall be used in any interpretation of this Agreement.

B.    <u>Performance By Defendants:</u>

1.    Defendants warrant and promise that it shall perform the following modifications to the PROPERTY which comply with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations ("Title 24"):

a)    <u>Parking</u>

Defendants shall modify the parking lot to provide a van accessible parking space reserved for people with disabilities which complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations ("Title 24").

b)    <u>Path of Travel</u>

Defendants shall affix or remove the loose doormat at the front entrance.  The ramp from the front entrance to the main dining area shall be modified so that the slope does not exceed 8.33 percent.

c)    <u>Counter</u>

Defendants shall modify the service counter so that it provides a lowered portion which is a minimum of 36 inches long and between 28 and 34 inches high or, in the alternative, a fold-down shelf which has the same dimensions.

d)    <u>Restrooms</u>

Defendants shall modify the restroom to provide accessibility for people with disabilities, although Plaintiff concedes that full accessibility is not readily

Spikes v. Bottle Shop
June 21, 2004 Edition                    2


Exhibit $\frac{1}{5}$

achievable.  The modifications shall include the following:
the paper towel and soap dispenser shall be relocated so
that the operable parts are no more than 40 inches from the
finished floor.  The locking mechanism on the door shall be
replaced so that they do not require tight grasping or
twisting to operate.  The lavatory pipes shall be wrapped.
The bottom of the mirror shall be lowered so that it is not
higher than 40 inches.  The coat hook shall be relocated so
that it is not more than 48 inches from the finished floor.
Two compliant grab bars shall be installed.  The toilet
paper dispenser shall not be more than 12 inches from the
front of the commode.

2.   On or before June 27, 2004, Defendants shall pay to the

Plaintiff the sum of Two Thousand Dollars ($2,000.00).  This sum

is intended to resolve Plaintiff's claim for statutory damages,

including damages for physical injuries, attorney's fees and

costs.  Said payment shall be by check made payable directly to

the Amy B. Vandeveld Client Trust Account.

   C.   **Performance By the Plaintiff and His Counsel:**

The Plaintiff and his counsel promise and covenant to

undertake the following actions and performances:

   1.   To file a Stipulated Dismissal with prejudice of the

COMPLAINT.  Said Dismissal shall be filed in the United States

District Court for the Southern District of California upon

receipt of the funds referenced in Paragraphs 2.1 B. 2 and 3,

above.

   D.   **Mutual Releases:**

   1.   For valuable consideration, the receipt and adequacy of

which are hereby acknowledged by, (a) the Plaintiff, on the one

hand, and (b) the Defendants on the other hand, on behalf of

themselves and their respective heirs, executors, administrators,

Spikes v. Bottle Shop
June 21, 2004 Edition              3

Exhibit ___7___
6

## RELEASE AND SETTLEMENT AGREEMENT

**SECTION 1.1          THE PARTIES TO BE BOUND**

This Settlement Agreement (the "Agreement") is made effective December 10, 2003, ("the Effective Date") by and between KAREL SPIKES (hereinafter "SPIKES"), on the one hand and SABRI YAKO dba COUNTRY TIME FOOD MARKET (erroneously sued herein as "COUNTRY TIME FOOD MARKET, INC. dba DUKE'S LIQUOR DRIVE-IN"), QAIS SAKO and SUHAM SAEED on the other (hereinafter collectively referred to as "the Defendants"). The Defendants and the Plaintiff are hereinafter collectively referred to as "the Parties".

**SECTION 1.2          RECITALS**

**A.    WHEREAS,** on September 16, 2003, Plaintiff caused to be filed a Civil Complaint in the United States District Court for the Southern District of California ("the Court"), which was entitled SPIKES v. COUNTRY TIME FOOD MARKET, INC. et al., USDC Case No. 03 cv 1869 L (LSP) (hereinafter referred to as "the COMPLAINT"). The COMPLAINT alleged causes of action charging discriminatory practices and architectural barriers in public accommodations under a number of various theories and statutes.

**B.    WHEREAS,** the COMPLAINT pertains to a facility located at 7029 El Cajon Boulevard, San Diego, California, (hereinafter "the PROPERTY.")

**C.    NOW THEREFORE,** based on the covenants and promises contained below, the parties have agreed to enter into this

Exhibit _7_

7

Agreement on the terms set forth below.

**SECTION 2.1          SPECIFIC TERMS**

    A.   **Recitals:**

The Recitals set forth herein are an integral part of this Agreement, and shall be used in any interpretation of this Agreement.

    B.   **Performance By Defendants:**

Defendants warrant and promise that they have performed the following modifications at the PROPERTY:

    A.   Parking

On or before April 10, 2004, Defendants shall modify
the parking lot to provide a van accessible parking
space reserved for people with disabilities which
complies with the Americans with Disabilities Act
Accessibility Guidelines ("ADAAG") and Title 24 of the
California Code of Regulations ("Title 24").  The space
shall be located closest to the front entrance so that
a person parking in the space will not be required to
travel behind a space other than the accessible space
to reach the front entrance.  The words "NO PARKING"
shall be included in the access aisle, pursuant to
Title 24.  Signage shall be installed which notifies
customers that vehicles illegally parked in accessible
spaces will be towed.  If the City does not approve the
installation of the space, Defendants shall obtain
written verification from the City confirming this
rejection.  The Defendants shall promptly provide a
copy of this written verification to Plaintiff's
counsel.

If the City rejects the installation of an accessible space,
Defendants will install bollards or a chain link fence, or
some other device to preclude customers from parking in the
lot adjacent to the entrance to the facility.  If the City
precludes Defendants from blocking access to the lot,
Defendants shall obtain written verification of the City's
position and shall promptly provide a copy of this
verification to Plaintiff's counsel.

    B.   Path of Travel

Defendants shall ensure that the store aisles have
clear widths a minimum of 36 inches if items are



Exhibit ____
8

displayed on one side and 42 inches if items are displayed on both sides.  Defendants shall relocate merchandise to provide a clear path of travel to the restroom.

2.   Defendants shall pay to the Plaintiff the sum of One Thousand Dollars ($1,000.00).  This sum is intended to resolve Plaintiff's claim for statutory damages.  Said payment shall be by check made payable directly to "KAREL SPIKES" and shall be made in two installments.  The first installment is due on or before January 10, 2004.  The second installment is due on or before February 10, 2004.

3.   An additional payment of Two Hundred and Seventy Five Dollars ($275.00) shall be made by February 10, 2004. Said payment shall resolve Plaintiff's claim for costs.  Said payment shall be made payable to "the Amy B. Vandeveld Client Trust Account."  Plaintiff agrees to waive his claim for attorney's fees.

C.   **Performance By the Plaintiff and His Counsel:**

The Plaintiff and his counsel promise and covenant to undertake the following actions and performances:

1.   To file a Stipulated Dismissal with prejudice of the COMPLAINT.  Said Dismissal shall be filed in the United States District Court for the Southern District of California upon receipt of the funds referenced in Paragraphs 2.1 B. 2 and 3, above.

D.   **Mutual Releases:**

1.   For valuable consideration, the receipt and adequacy of

(January 6, 2004 Edition)          3

Exhibit _____

9



497161 9/10<4R9>

<11> C8 M8 Y8 D-1 3/5/2008

Exhibit 2
10







Exhibit 3
11

③



④





Exhibit  3
          12