1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   KAREL SPIKES,                  )  Case No. 07cv2394-LAB (WMc)
                                    )
12               Plaintiff,         )  **CASE MANAGEMENT CONFERENCE**
                                    )  **ORDER REGULATING DISCOVERY AND**
13        v.                        )  **OTHER PRETRIAL PROCEEDINGS**
                                    )
14   EUROPEAN CAR SERVICE, et al.,  )  (Fed. R. Civ. P. 16)
                                    )  (Local Rule 16.1)
15                                  )  (Fed. R. Civ. P. 26)
                 Defendant.         )
16   ─────────────────────────────  )

17

18        Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

19   a telephonic Case Management Conference was held on April 30,

20   2008 at 10:00 a.m.  After consulting with the attorneys of record

21   for the parties and being advised of the status of the case, and

22   good cause appearing,

23        **IT IS HEREBY ORDERED:**

24        1.   Any motion to join other parties, to amend the plead-

25   ings, or to file additional pleadings shall be filed on or before

26   **May 26, 2008**.

27        2.   Plaintiff(s) (or the party(ies) having the burden of

28   proof on any claim) shall serve on all parties a list of experts

     whom that party expects to call at trial, on or before **June 27,**

**2008**.  Defendant(s) (or the party(ies) defending any claim, counterclaim or crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **June 27, 2008**.  Each party may supplement its designation in response to the other party's(ies') designation no later than **July 11, 2008**.  Expert designations shall include the name, address, and telephone number of each expert, and a reason-able summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohi-bition on the introduction of experts or other designated matters in evidence.**

3.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **August 15, 2008**.  Any contradictory or rebuttal information shall be dis-closed on or before **September 12, 2008.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P.

26(a)(2) regarding expert disclosures.  Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.   All discovery, other than expert discovery, shall be completed by all parties on or before **October 6, 2008**.  All expert discovery, shall be completed by all parties on or before .  "Completed" means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date.  All subpoenas issued for discovery must be returnable on or before the discov-

07CV2394-LAB (WMc)

1   ery cutoff date. **All disputes concerning discovery shall be**
2   **brought to the attention of the Magistrate Judge no later than**
3   **thirty (30) days following the date upon which the event giving**
4   **rise to the dispute occurred. Counsel are required to meet and**
5   **confer regarding all discovery disputes pursuant to the require-**
6   **ments of Local Rules 16.5(k) and 26.1(a). All discovery motions**
7   **and/or conferences must be calendared within thirty (30) days of**
8   **a dispute arising, and in the absence of extraordinary circum-**
9   **stances, no later than thirty (30) days after the discovery**
10   **cutoff**.

11      5.  All other pretrial motions must be filed so that they
12   <u>may be heard</u> on or before **October 20, 2008**. Motions will not be
13   heard or calendared unless counsel for the moving party has
14   obtained a motion hearing date from the law clerk of the judge
15   who will hear the motion. **Be further advised that the period of**
16   **time between the date you request a motion date and the hearing**
17   **date may be up to three or more months. Please plan accordingly**.
18   For example, you may need to contact the judge's law clerk three
19   or more months in advance of the motion cutoff to calendar the
20   motion.  Failure to timely request a motion date may result in
21   the motion not being heard.  <u>Motions will not be heard on the</u>
22   <u>above date unless you have obtained that date from the judge's</u>
23   <u>law clerk</u>.

24      Questions regarding this case should be directed to the
25   judge's law clerk.  The Court draws the parties' attention to
26   Local Rule 7.1(e)(4) which requires that the parties allot
27   <u>additional time for service of motion papers by mail</u>.  Papers not
28   complying with this rule shall not be accepted for filing.

07CV2394-LAB (WMc)

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

6.    A Mandatory Settlement Conference shall be conducted on **October 8, 2008** at **9:30 a.m.** in the chambers of Magistrate Judge William McCurine, Jr.  Counsel shall submit **confidential** settlement statements **directly** to Magistrate Judge McCurine's chambers no later than **October 1, 2008**.

Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually pre-pared to discuss and resolve the case at the Mandatory Settlement Conference.  Outside retained corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **All conference discus-sions will be informal, off the record, privileged, and confiden-tial.** *Failure of required parties and counsel to appear in*

1   _**person will be cause for the imposition of sanctions.**_

2       7.   If Plaintiff is incarcerated in a penal institution or

3   other facility, the Plaintiff's presence is not required at

4   conferences before Judge McCurine, and the Plaintiff may appear

5   by telephone.  In that case, defense counsel is to coordinate the

6   Plaintiff's appearance by telephone.

7       8.   The parties must comply with the pretrial disclosure

8   requirements of Fed. R. Civ. P. 26(a)(3) no later than **December**

9   **29, 2008**.  The parties should consult Fed. R. Civ. P. 26(a)(3)

10  for the substance of the required disclosures.

11      **Please be advised that failure to comply with this section**

12  **or any other discovery order of the Court may result in the**

13  **sanctions provided for in Fed. R. Civ. P. 37, including a prohi-**

14  **bition on the introduction of designated matters in evidence.**

15      9.   Despite the requirements of Civil Local Rule 16.1(f),

16  neither party is required to file Memoranda of Contentions of

17  Fact and Law at any time.  The parties shall instead focus their

18  efforts on drafting and submitting a proposed pretrial order by

19  the time and date specified by Local Rule 16.1(f)(6)(b).

20      10.  Counsel shall meet and confer regarding the contents of

21  the pretrial order on or before **January 4, 2009**.

22      11.  Counsel shall comply with the attached Order Setting

23  Form of Pretrial Order in preparing the pretrial order.

24      12.  The proposed final pretrial conference order, including

25  written objections, if any, to any party's Fed. R. Civ. P.

26  26(a)(3) pretrial disclosures, shall be prepared, served, and

27  submitted to the Clerk's Office on or before **January 11, 2009**.

28  Such objections shall comply with the requirements of Fed. R.

Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

13.   The final pretrial conference is scheduled on the calendar of the Honorable Larry Alan Burns on **January 20, 2009** at **11:15 a.m.**  The trial date will be assigned by Judge Burns at the pretrial conference.

14.   The dates and times set forth herein will not be modified except for good cause shown.

15. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

Dated: May 5, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07CV2394-LAB (WMc)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREL SPIKES, | ) | Civil No. 07cv2394-LAB (WMc) |
| | ) | |
| Plaintiff, | ) | **ORDER SETTING FORM** |
| | ) | **OF PRETRIAL ORDER** |
| v. | ) | |
| | ) | |
| EUROPEAN CAR SERVICE, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |

    In order to identify the claims to be tried and eliminate
delay and surprise at trial, the Court enters the following
pretrial order pursuant to Fed. R. Civ. P. 16.  This order
replaces the requirements under Local Rule 16.1(f)(2).  No
Memoranda of Contentions of Fact and Law are to be filed unless
so ordered by the Court.

    The parties shall meet and confer and prepare a proposed
pretrial order containing the following:

    1.  The basis of this court's jurisdiction and a brief
statement of why venue is appropriate.

    2.  A statement to be read to the jury, not in excess of one
page, briefly summarizing the nature of the case, the named

1

parties, and the claims and defenses.

3.    A list of the claims to be tried, referenced to the Complaint or Counterclaim.  For each claim, the order shall succinctly list the elements of the claim, the type of damages sought (e.g., punitive, compensatory), and the elements of any affirmative defenses.  Any claim in the Complaint or Counterclaim that is not listed will be dismissed with prejudice; any affirmative defense that is not listed will be stricken.

4.    A list of each witness that counsel actually expects to call at trial, with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

5.    A list of each expert witness that counsel actually expects to call at trial, with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

6.    A list of additional witnesses, including experts, that counsel do not expect to call at this time but reserve the right to call at trial.  There parties shall include a brief statement, not exceeding four sentences, of the substance of the additional witnesses' testimony.

7.    A list of all exhibits that counsel actually expect to offer at trial annotated with the name of the witness through whom the exhibit will be offered.

8.    A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary.

9.    Absent a showing of good cause, counsel will be limited to offering witnesses and exhibits listed in sections four

through eight, except for true impeachment witnesses or exhibits.

10.  A statement of all facts to which the parties stipulate. This statement will be read to the jury.  The parties are encouraged to enter as many stipulations of fact as possible.

11.  A summary of any issues of law and motions in limine to be resolved by the court before or during trial.

12.  A list of all deposition transcripts that will be offered at trial.  The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.  Unless otherwise ordered, no later than three weeks before trial, counsel shall notify the other parties in the case of the pages and lines of the various depositions that will be offered.

13.  At least fifteen days before trial, the parties shall submit to the court proposed jury instructions on the substantive claims, damages and defenses.  If the parties disagree on an instruction, each party shall submit his/her proposal.

14.  At least five days before trial, the parties shall submit to the court a proposed jury verdict form.

**IT IS SO ORDERED.**

DATED:  May 5, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

3

07CV2394-LAB (WMc)